## In re John L. WILLIAMS

[600 A.2d 730]

No. 91-301

October 3, 1991. Pursuant to the recommendation of the Professional Conduct Board filed June 20, 1991, and approval thereof, it is hereby ordered that John L. Williams, Esq., be publicly reprimanded for the reasons set forth in the Board's Notice of Decision attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

### NOTICE OF DECISION

Bar counsel has presented a stipulation signed by both bar counsel and

respondent. Respondent waived all procedural rights under Administrative Order 9, including the right to issuance of a petition of misconduct upon a finding of probable cause, the right to conduct discovery, the right to a hearing, and the right to appear before the full Professional Conduct Board. Respondent admitted violations of DR 1-102(A)(1), DR 7-106(C)(6), and DR 7-106(A).

The Board has reviewed the stipulation as well as exhibits gathered during the investigation which included: the original complaint, respondent's answer, a transcript of the hearing which prompted the complaint against respondent, the tape recording of that hearing, court filings, and correspondence by and to the respondent.

Based upon the above, the Board makes the following findings of fact and recommendations to the Supreme Court.

### Facts

1. Respondent John L. Williams is a member of the Vermont Bar. Due to ill health, respondent is closing his practice in Vermont and moving to Florida. Respondent has successfully passed the Florida state bar and plans to practice law in Florida.

2. Respondent represented W. Otis Andrus in a small claims matter brought in Addison County by plaintiff, Richard Weinstein, who initially appeared pro se. Mr. Weinstein filed his small claims complaint on September 18, 1989. The matter was set for a hearing to occur on November 15, 1989.

3. On October 30, respondent filed a motion asking that the matter be continued until after December 4 for a number of reasons. These included respondent's need to obtain and present to the Vermont court the relevant law of New York and also in order to depose witnesses in New York. Respondent also represented that he, the defendant, and many of

the witnesses would be unavailable to attend on November 15 because of deer season.

4. On November 7, the motion for a continuance was granted and the matter was set for a hearing on December 8, 1989.

5. On December 4, respondent filed another motion for a continuance, requesting that the matter be rescheduled for sometime after December 18. Respondent requested the continuance because his client planned to be in Illinois visiting friends on December 8 and because respondent was not prepared to go forward with his defense. Respondent also filed another answer on behalf of his client as well as a counterclaim and a motion for Rule 11 sanctions.

6. On December 6, the court denied the motion for a continuance and so notified respondent by telephone on December 7.

7. Respondent appeared at the hearing the next day and again requested a continuance. The presiding judge, Hon. Michael Kupersmith, denied that request as the court had already ruled on that motion. The hearing on the merits proceeded over respondent's objection and without defendant present. Respondent withdrew the counterclaim.

8. Plaintiff Weinstein presented a claim which respondent believes to be different from the claim set forth in the small claims complaint. Defendant was not present to participate. Judge Kupersmith entered judgment on behalf of plaintiff Weinstein in the amount of $1,250.00 plus costs and interest.

9. Respondent appealed the decision to Addison Superior Court, which upheld the judgment of the small claims court.

10. In the meantime, defendant Andrus brought a claim in superior court in Rutland County against plaintiff Weinstein. This was essen-

tially the same as the withdrawn counterclaim in small claims court. Defendant Andrus moved to have the amount of the small claims judgment attached pending disposition of the superior court action. The motion for writ of attachment was denied by Hon. Arthur J. O'Dea on June 26, 1990.

11. On advice of respondent, defendant Andrus did not pay the judgment.

12. In mid-May, 1990, the plaintiff retained Geoffrey Commons, Esq. to assist in collection of the outstanding judgment. Mr. Commons petitioned the small claims court for a financial disclosure hearing under the small claims procedure.

13. The matter was set for a hearing on June 15, 1990. Respondent notified the court that neither he nor his client would be attending on that date. The matter was rescheduled for a hearing on July 23, 1990 before the Hon. Linda Levitt at Addison District Court.

14. Because of respondent's belief that Mr. Commons had been rude and discourteous to him prior to the hearing and because of respondent's belief that the court had not treated his client fairly, respondent entered the courtroom resentful of the court procedure and angry at opposing counsel. The Board finds, however, that there is no evidence that Mr. Commons had been rude or discourteous to respondent. Nor is there any evidence that the court had not treated his client fairly. There is no evidence to support respondent's repeated claims to the court that his client had been denied an opportunity to present his case. Rather, the client chose not to appear at the merits hearing despite notice of at least one month.

15. During the hearing, while questioning Mr. Andrus, Mr. Commons asked Mr. Andrus why he had not paid the judgment. Respondent objected and directed his client not to answer the question. In a discourteous manner, respondent stated:

> I really don't have an awful lot of faith that this court is going to be fair in this matter . . . . It's going to be very interesting to see what this court does in this case when none of us can get any action from the court in small claims in any other matters, but that would be consistent with what's happening so far, I suspect.

Judge Levitt overruled respondent's objection.

16. Mr. Commons proceeded to ask Mr. Andrus if respondent had told him not to pay the judgment. Respondent directed his client not to answer the question. In a loud and angry manner, respondent stated to the court:

> I am directing him not to answer and we can both be found in contempt and I—there are authorities higher than this court if we had to do that. Everybody in this courtroom knows why this judgment hasn't been paid. We've come here today to attempt to resolve it. If we can't resolve it, then we'll have to go on to something else. Full and open disclosure—all of a sudden now we are going to follow the rules. Why don't we just have Mr. Andrus or myself, if the court is not familiar with what's happened, tell why we haven't done this.

Judge Levitt asked Mr. Commons if he wanted to ask the question again. Mr. Commons repeated the question, and Mr. Andrus answered, "Yes."

17. In his final argument, Mr. Commons stated to the court that respondent had attempted to intimidate Mr. Weinstein while Mr. Weinstein was proceeding pro se.

18. While Mr. Commons was so addressing the court, respondent stood up, left his counsel table, and walked

up to Mr. Commons. In an intimidating and menacing manner, respondent shook his finger in Mr. Commons' face. In a loud, angry outburst, respondent said:

> Just a minute—now you—if you're going to start making accusations against me, you'd better put it in writing. Now that—this man right here, your client, will tell you that's a lie. I'm not going to stand for this.

19. Judge Levitt instructed respondent to remain in his seat and allow Mr. Commons to finish.

20. Respondent angrily refused to comply with the judge's instructions, responding, "I'm not going to allow that, Your Honor. I will not allow in this court to happen. I will not do it."

21. Judge Levitt politely advised respondent that he was going to have to sit down because the court was going to allow Mr. Commons to finish. Respondent replied snidely, "Oh, sure, any more won't make a difference, will it?"

22. Mr. Commons was allowed to finish his argument to the court.

23. On August 7, 1990, Judge Levitt filed a complaint with the Professional Conduct Board. Respondent cooperated in the investigation of the complaint with the exception that respondent refused to produce letters from Mr. Commons to support his position that, prior to the hearing of July 23, Mr. Commons had acted improperly in accusing respondent of unethical conduct. Respondent eventually produced this letter. The Board finds nothing improper in the letter from Mr. Commons.

24. Respondent admits he behaved in an angry, rude, belligerent, and unprofessional manner toward Judge Levitt and opposing counsel. Respondent acknowledges that his behavior toward Mr. Commons was physically intimidating. Respondent also acknowledges that he directed snide and cynical remarks to Judge Levitt.

25. There is no evidence that respondent has demonstrated any remorse for his conduct.

### Conclusions of Law and Recommended Sanction

The Board finds respondent's conduct violated the following provisions of the Code of Professional Responsibility:

1. DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule);

2. DR 7-106(C)(6) (in appearing in his professional capacity before a tribunal, a lawyer shall not engage in undignified or discourteous conduct which is degrading to a tribunal); and

3. DR 7-106(A) (a lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding).

The Board finds respondent's conduct inexcusable and wholly unprofessional. Respondent's abuse of the legal process was done knowingly. His advice to his client to fail to pay a judgment, without legal justification, interfered with the judicial process and caused harm to the opposing party who had to obtain counsel in order to compel payment. His personal conduct in court was beneath the dignity of any attorney, let alone one as experienced as respondent.

Bar counsel has recommended that respondent be publicly reprimanded for his conduct. Respondent has expressed no view on sanctions and has waived his opportunity to do so.

The Board recommends to the Supreme Court that respondent be publicly reprimanded for his conduct.